CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARIO ENRIQUE ESTRADA LIMA, on behalf of
himself and others similarly situated,

                          Plaintiff,

    -against-

BROPHY BROS. WHOLESALE FRUIT &
VEGETABLE, INC., and EUGENE BROPHY,

                          Defendants.

-----------------------------------------------------------------------X

Case No. 20-CV-5307

FLSA COLLECTIVE
ACTION and RULE 23
CLASS ACTION
COMPLAINT

**Jury Trial Demanded**

Plaintiff, MARIO ENRIQUE ESTRADA LIMA (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, BROPHY BROS. WHOLESALE FRUIT & VEGETABLE, INC. ("BROPHY BROS."), and EUGENE BROPHY (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Westchester County, New York.

6.      Defendant, BROPHY BROS., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 15 Harrison Avenue, Yonkers, New York 10705.

7.      BROPHY BROS. owns and operates a wholesale fruit and produce distribution company that distributes fruits and vegetables to businesses, schools, restaurants, and bars in New York (hereinafter, the "Company").

8.      BROPHY BROS. employs more than eleven (11) employees.

9.      Defendant, EUGENE BROPHY, is the Chief Executive and Financial Officer, shareholder, owner, officer, director, supervisor, proprietor and/or managing

2

agent of BROPHY BROS., who actively participates in the day-to-day operations of the Company, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and the Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BROPHY BROS.

10.    Defendant, EUGENE BROPHY, exercises control over the terms and conditions of each employee's employment in that he has the authority to: (i) hire and fire the Company's employees, (ii) determine the employees' rates of pay, (iii) determine the method by which each employee will be paid, (iv) determine work the employees' schedules and hours worked, (v) supervise and control the work of employees, and (vi) create and maintain employment records.

11.    Upon information and belief, at all times relevant to the allegations in this Complaint, defendant BROPHY BROS. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000

12.    Plaintiff was continuously employed by Defendants to work as a non-exempt warehouseman from in or about 2000 until on or about April 11, 2020, performing such duties as receiving customer orders, assigning routes to Defendants' drivers, unloading merchandise, checking merchandise quality, and stocking merchandise.

13.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

14.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16.     In or about 2000, Defendants hired Plaintiff to work as a non-exempt warehouseman performing such duties as receiving customer orders, assigning routes to Defendants' drivers, unloading merchandise, checking merchandise quality, and stocking merchandise.

17.     Plaintiff worked in such capacity for Defendants until on or about April 11, 2020.

18.     Plaintiff worked over forty (40) hours per week.

19.     During the relevant six (6) year limitations period beginning in July 2014 and continuing through the remainder of Plaintiff's employment on or about April 11, 2020, Plaintiff worked alternating workweeks – one week working five (5) days per week, and the next week working four (4) days per week.

20.     During the relevant six (6) year limitations period beginning in July 2014 and continuing through the remainder of Plaintiff's employment on or about April 11, 2020, although Plaintiff's work shift fluctuated slightly each day and week, he normally worked ten (10) hours per day from 8:00 p.m. until 6:00 a.m.

4

21.     Thus, Plaintiff worked between forty (40) to fifty (50) hours per week, and sometimes in excess thereof.

22.     Plaintiff was required to punch a time clock or other time recording device to at the beginning and end of each work shift.

23.     From the beginning of the relevant six (6) year limitations period beginning in July 2014 and continuing through approximately December 2014, Plaintiff was not paid overtime compensation. During this period, Plaintiff was paid at the rate of $25 per hour, straight time for all hours worked, and worked approximately forty (40) to fifty (50) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

24.     Beginning in or about January 2015 and continuing through the remainder of Plaintiff's employment on or about April 11, 2020, Plaintiff was not paid overtime compensation. During this period, Plaintiff was paid at the rate of $27 per hour, straight time for all hours worked, and worked approximately forty (40) to fifty (50) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25.     Plaintiff was paid by check (direct deposit) for hours worked up to forty (40) each week, with additional work hours paid to Plaintiff in cash at Plaintiff's straight-time regular rate of pay.

26.     Defendants failed to provide Plaintiff with proper and accurate wage statements at the end of each work week, which correctly set forth his true and complete gross wages, deductions, and net wages.

27.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between July 10, 2017 through the end of the "opt-in" period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

30.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the

6

Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

31. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

32. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

33. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

34. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

7

have acted on grounds generally applicable to all members.  Among the common
questions of law and fact common to Plaintiff and other Collective Action Members are:

> a. Whether Defendants employed Plaintiff and the Collective Action
>    Members within the meaning of the FLSA;
>
> b. Whether Defendants failed to keep true and accurate time and pay
>    records for all hours worked by Plaintiff and the Collective Action
>    Members;
>
> c. What proof of hours worked is sufficient where the employer fails
>    in its duty to maintain time records;
>
> d. Whether Defendants failed to pay the Plaintiff and the Collective
>    Action Members overtime compensation for all hours worked in
>    excess of forty (40) hours per workweek, in violation of the FLSA
>    and the regulations promulgated thereunder;
>
> e. Whether Defendants' violations of the FLSA are willful as that
>    terms is used within the context of the FLSA; and,
>
> f. Whether Defendants are liable for all damages claimed hereunder,
>    including but not limited to compensatory, liquidated and statutory
>    damages, interest, attorneys' fees, and costs and disbursements.

35. Plaintiff knows of no difficulty that will be encountered in the
management of this litigation that would preclude its maintenance as a collective action.

36. Plaintiff and others similarly situated have been substantially damaged by
Defendants' wrongful conduct.

8

## CLASS ACTION ALLEGATIONS

37.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since July 10, 2014 through the date that Class certification is granted by the Court (the "Class Period") and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation in violation of the New York Labor Law (the "Class").

39.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

40.     Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

41.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

43.     Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

44.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

45.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

46.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.     Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

10

b.     Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether Defendants failed to pay Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.     Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

50. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, BROPHY BROS. has had gross revenues in excess of $500,000.

51. Plaintiff and the Collective Action Members are entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

52 Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

53. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due

and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

55.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

56.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

59.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

60.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

13

61.    At all relevant times, Defendants employed Plaintiff and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

62.    Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay Plaintiff and Class members overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

63.    Defendants failed to properly disclose or apprise Plaintiff and Class members of their rights under the New York Labor Law.

64.    Defendants failed to furnish Plaintiff and Class members with a statement with every payment of wages correctly listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3).

65.    Defendants failed to keep true and accurate records of hours worked by each employee, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

66.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

67.    Defendants failed to notify Plaintiff and Class members at the time of hire or thereafter of hire or thereafter of their rate of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

68.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime

14

compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

69.　　Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

### **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, MARIO ENRIQUE ESTRADA LIMA, on behalf of himself and all other similarly situated Collective Action and Class Members, respectfully requests that this Court grant the following relief:

(a)　An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)　An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)　An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(d)　An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(e)　An award of prejudgment and post-judgment interest;

(f)　An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(g)　Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
      July 10, 2020

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                *Attorneys for Plaintiff*
                10 Grand Central
                155 East 44th Street – 6th Floor
                New York, NY 10017
                T. (212) 209-3933
                F. (212) 209-7102

                By: _____
                      Giustino (Justin) Cilenti (GC2321)

16

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Mario Enrique Estrada**, am an employee currently or formerly employed by **Brophy Bros.**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
    5/21/20

Mario Enrique Estrada